IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NEWCO ENERGY, INC., et al., | § | |
| Appellant, | § | |
| | § | |
| v. | § | Case No. 4:11-cv-737 |
| | § | |
| ENERGYTEC, INC., et al. | § | |
| Appellees. | § | |

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT AND RESOLVING APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS – SHERMAN DIVISION (CASE NO. 09-41477)**

This is an appeal from a final order of the United States Bankruptcy Court for the Eastern District of Texas Sherman Division. Appellant, Newco Energy, Inc. seeks reversal of the bankruptcy court's September 2, 2011 order holding that the property sold to Red River Resources, Inc. (the Redwater Pipeline System) by Energytec, Inc. pursuant to the bankruptcy court's February 23, 2010 order authorizing the sale was transferred free and clear of Newco's interest in receiving transportation fees based on the volume of gas flowing through the Redwater Pipeline. Having reviewed the bankruptcy court's decision and the parties' briefs, this court finds that the bankruptcy court's decision should be **AFFIRMED**.

## I.  JURISDICTION

This court has jurisdiction under 28 U.S.C. § 158(a)(1) to hear an appeal from a final order of the bankruptcy court. A timely notice of appeal was filed. *See* FED. R. BANKR. P. 8002(a). Appellees assert that this appeal is moot because Appellant failed to move for a stay of the sale in anticipation of this appeal. *See* 11 U.S.C. § 363(m). This argument is misplaced. Section 363(m) provides that a bankruptcy court's authorization of a sale of property under 11 U.S.C. § 363(b) to a good faith purchaser cannot be reversed or modified unless the sale was stayed pending appeal. *In re Ginther Trusts*, 238 F.3d 686, 688-89 (5th Cir. 2001). In this

instance, the bankruptcy court's authorization was contingent upon a later determination of Newco's interest in the property; therefore a stay of the sale was unnecessary. Further, Appellant is not now seeking to reverse or modify the sale but is only seeking review of the bankruptcy court's determination of its right to be paid transportation fees by future owners of the Redwater Pipeline System. For that reason, section 363(m) is inapposite, and the appeal is not moot.

## II. STANDARD OF REVIEW

In general, a district court reviews a bankruptcy court's conclusions of facts for clear error and conclusions of law *de novo*. *In re Texas Pig Stands, Inc.*, 610 F.3d 937, 941 (5th Cir. 2010). The clear error standard is not used when the court from which the appeal is taken applied legal principles to essentially undisputed facts. *Moore v. M/V Angela*, 353 F.3d 376, 388 (5th Cir. 2003). Because the parties do not dispute that Energytec originally assumed an obligation to pay transportation fees to Newco, the court will review the determination of the nature of Newco's interest as a covenant running with land *de novo*.

## III. BACKGROUND

Newco Energy, Inc. is a creditor in Energytec, Inc.'s bankruptcy action and a successor-in-interest to Mescalaro Oil & Gas, Inc. Appellant's Br. 9. In 1999, Mescalaro conveyed ownership of all its right, title and interest in a gas processing plant, pipeline system, and real property on which it is situated (together the "Redwater Pipeline System") to Producers Pipeline Corporation. *Id.* Simultaneously, Mescalaro's interests in two oil and gas leases connected to the system were conveyed to Rockwall Marketing Corporation. *Id.* Both assignments were subject to a separate, contemporaneous agreement in which Producers, in consideration for the conveyance from Mescalaro, would pay Newco a "transportation fee" based on the volume of gas flowing through the Redwater Pipeline and required Producers to obtain Newco's consent before

assigning its interest in the Pipeline. *Id.* at 10. Newco was given a security interest and lien on the entire Redwater Pipeline System in the event that the transportation fees were not paid. *Id.* A dispute arose between Newco and Producers over the payment of the transportation fees in 2002. *Id.* at 11. As part of the settlement of that dispute, Energytec acquired the interests of both Rockwall and Producers and assumed the obligation to pay transportation fees to Newco. *Id.*

Energytec filed for bankruptcy on May 13, 2009. Newco submitted a claim as a creditor for the transportation fees it was owed. *Id.* at 9. Energytec filed a Motion for Approval of Sale Pursuant to 11 U.S.C. § 363 Free and Clear of Liens, Claims and Encumbrances on January 28, 2010, requesting authorization from the bankruptcy court to convey the Redwater Pipeline System to Red River Resources, Inc. *Id.* at 11. Newco filed an objection to the motion on February 5, 2010. *Id.* at 11-12. On February 8, 2010, the bankruptcy court held a hearing on the Debtor's motion. *See* Hr'g Tr., Feb. 8, 2010. Newco indicated that it did not object to the sale of the Pipeline System to Red River. Hr'g Tr. 8-11, Feb. 8, 2010. Instead, the parties indicated to the bankruptcy court that they were working to resolve Newco's claim and agreed to delay submitting the issue for determination to the court. *Id*. Energytec does not dispute that earlier it had assumed an obligation to pay the transportation fee to Newco. Appellees' Br. 9. Indeed, Energytec indicated to the bankruptcy court that $15,000 had been set aside to satisfy Newco's claim. Hr'g Tr. 27, June 20, 2011.

The bankruptcy court subsequently entered an order on February 23, 2010 granting the Debtor's motion contingent upon a later determination of Newco's rights. Appellant's Br. 12. Newco filed a Motion to Determine Objection to Debtor's Motion for Approval of Sale Pursuant to 11 U.S.C. § 363 Free and Clear of Liens, Claims and Encumbrances to the bankruptcy court on May 3, 2011 after the parties reached an impasse. *Id.* at 13. The issue before the court was

whether Newco's interest in receiving transportation fees based on the volume of gas pumped through the pipeline was an interest in real property that created a covenant running with the land and burdened future owners of the Redwater Pipeline System. Hr'g Tr., June 20, 2011. The bankruptcy court denied Newco's motion in an oral order on August 22, 2011 (Hr'g Tr., Aug. 22, 2011) and in a subsequent written order on September 2, 2011.

## IV. ANALYSIS

The parties raise three issues on appeal: (1) whether the bankruptcy court's determination regarding the nature of Newco's interests under state-based common law constituted an impermissible judicial action by a non-Article III court under *Stern v. Marshall*, 131 S. Ct. 2594 (2011); (2) whether the bankruptcy court erred in determining that Newco's interests are not covenants running with the land that bind subsequent purchasers; and (3) whether the bankruptcy court erred in determining that Red River's purchase of the Redwater Pipeline System was free and clear of Newco's interest under 11 U.S.C. § 363(f).

**A. The bankruptcy court did not err in determining the nature of Newco's interest under Texas law.**

Appellees highlight that Newco failed to raise the first issue in the Bankruptcy court. "[I]t is well established that [the district court does] not consider arguments or claims not presented to the bankruptcy court." *In the Matter of Gilchrist*, 891 F.2d 559, 561 (5th Cir. 1990). Although Newco's argument aims at the bankruptcy court's subject-matter jurisdiction, "valid procedural rules cannot be ignored just because the jurisdictional decision is being challenged rather than the decision on the merits." *Id. Stern* was decided on June 23, 2011—three days after the bankruptcy court heard oral arguments on Newco's objection and approximately two months before the bankruptcy court entered its oral order. Appellees' point, that Newco could have filed supplemental briefing with the bankruptcy court if it believed *Stern* to be relevant to the issues in

this case, is well-taken. Appellees' Br. 5. Still *Stern* does not operate to strip the bankruptcy court of its jurisdiction to determine Newco's interest. Newco is a creditor in Energytec's bankruptcy action and a resolution of its claim as such necessarily requires a determination of its interest. The bankruptcy court is empowered to allow or disallow Newco's claim to the transportation fee it asserts it is owed pursuant to its covenant with Energytec under 11 U.S.C. § 502 and to determine whether that interest binds Red River as a purchaser of the Redwater Pipeline System under 11 U.S.C. § 363(f). Thus, the crux of the appeal is whether the bankruptcy court erred in determining that Newco's interests are not covenants running with the land that bind future Pipeline owners.

    **B. The bankruptcy court did not err in holding that Newco's interest is not a covenant running with the land.**

In Texas, "for a party to enforce an agreement burdening land against a successor to the party with whom he covenanted, the agreement must run with the land." *Wayne Harwell Props. v. Pan Am. Logistics Ctr., Inc.*, 945 S.W.2d 216, 218 (Tex. App.—San Antonio 1997, writ denied). There are two types of covenants that could bind subsequent purchasers under Texas law: real covenants and equitable covenants. *Id.* An equitable covenant will run when "the restriction is imposed for the benefit of adjacent land" and the subsequent purchaser has notice of the restriction. *Id.* A real covenant, or covenant that runs with the land at law, exists if the covenant (1) touches and concerns the land; (2) relates to a thing in existence or specifically binds the parties and their assigns; (3) the original parties to the covenant intend it to run with the land; (4) the successor to the burden has notice; and (5) there is privity of estate between the parties to the agreement. *Id.* Privity of estate "means there must be a mutual or successive relationship to the same rights of property." *Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 910-11 (Tex. 1982).

There is no evidence in the record that Newco owns any adjacent property that could be benefitted by payment of the transportation fees in question. Therefore, the covenant cannot bind Red River as an equitable covenant under Texas law. The parties do not dispute that the agreement between Mescalaro and Producers expressly attempts to bind the parties and their assigns, evidences intent to run with the land, and that Red River had notice of Newco's interest. However, the agreement fails to satisfy the requirements of a covenant running with the land at law because it does not touch and concern the land. Therefore, it is unnecessary for this court to reach the parties' arguments on whether privity exists.

A covenant touches and concerns the land when it affects a subsequent owner's use and enjoyment of the land or provides some benefit that affects the land. *See Westland*, 637 S.W.2d at 911; *see also Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987). More specifically, "a covenant will run if it affect[s] the nature, quality or value of the thing demised, independently of collateral circumstances, or if it affect[s] the mode of enjoying it." *Westland*, 637 S.W.2d at 911 (internal quotation marks omitted). Some Texas cases have relied on section 537 of the Restatement of Property, which states that "successors in title to land respecting the use of which the owner has made a promise can be bound as promisors only if (a) the performance of the promise will benefit the promisee or other beneficiary of the promise in the physical use or enjoyment of the land possessed by him, or (b) the consummation of the transaction of which the promise is a part will operate to benefit and is for the benefit of the promisor in the physical use or enjoyment of land possessed by him, and the burden on the land of the promisor bears a reasonable relation to the benefit received by the person benefited." *See e.g., Inwood*, 736 S.W.2d at 635. When the burden of a covenant touches and concerns the land, the "promisor's legal relations in respect to the land are lessened—his legal interest as owner

rendered less valuable by the promise." *Westland*, 637 S.W.2d at 911. However, the mere fact that a covenant impacts the value of the land is not sufficient for it to be considered a covenant running with the land—"it must still affect the owner's interest in the property or its use in order to be a real covenant." *In the matter of: El Paso Refinery*, 302 F.3d 343, 357 (5th Cir. 2002); *compare Inwood*, 736 S.W.2d at 635 (holding that a covenant to pay maintenance assessments for the purpose of repairing and improving the common areas and recreational facilities of a subdivision touches and concerns the land), *with Wayne Harwell*, 945 S.W.2d at 217 (holding that the "assignment of an interest in the cash flow from land is only a personal covenant and cannot run with or burden that land").

      The agreement to pay transportation fees to Newco "does not compel nor preclude the promisor or any subsequent owner from doing anything on the land itself." *El Paso*, 302 F.3d at 356-57; *see also Veterans Land Bd. v. Lesley*, 281 S.W.3d 602, 621 (Tex. App.—Eastland 2009, pet. granted), *aff'd in part, rev'd in part on other grounds*, 352 S.W.3d 479 (Tex. 2011) ("Covenants that run with the land generally burden or restrict the use of the land."). The only connection the transportation fees have to the property is that the amount of the fee is measured by the volume of gas flowing through the pipeline. Newco's interest is merely a personal contractual arrangement to pay an encumbrance and "[u]nder Texas law, a covenant to pay an encumbrance does not run with the land." *El Paso*, 302 F.3d at 357 (citing *Talley v. Howsley*, 170 S.W.2d 240, 243 (Tex. Civ. App.—Eastland 1943) *aff'd,* 176 S.W.3d 158 (Tex. 1943). Of course, owners of land "may contract with respect to their property as they see fit, provided the contracts do not contravene public policy." *Inwood*, 736 S.W.2d at 634. But in this instance, to conclude that the obligation to pay the transportation fee is binding upon future owners would create a burden on the land that would "hamper and impede real estate transactions to the

detriment of owners, purchasers and agents" without a "compensating advantage which prevents it from being on the whole a deterrent to land use and development." *Blasser v. Cass*, 314 S.W.2d 807, 809 (Tex. 1958).

Newco makes clear in its brief that the sale did not include the oil and gas leases and wells in which Newco claims overriding royalties, so royalties are not at issue in this appeal. Appellant's Br. 12-13. Newco seems to be asserting, however, that its interest in the transportation fees is analogous to a royalty that would be paid pursuant to an oil and gas lease and it is therefore a property interest. *Id.* at 17. "All land in Texas is comprised of separate corporeal estates in the minerals and in the surface." *In re Estate of Slaughter*, 305 S.W.3d 804, 808 (Tex. App.—Texarkana 2010, no pet.). The mineral estate encompasses five interests: "1) the right to develop, 2) the right to lease, 3) the right to receive bonus payments, 4) the right to receive delay rentals, and 5) the right to receive royalty payments." *Id.* Royalties, bonus payments, and delay rentals "have a well understood meaning in the oil and gas business." *Id.* Newco's transportation fee interest is not a property interest simply because its value is determined by the volume of gas in the Redwater Pipeline System. Similarly, Newco's right to consent to future conveyances of the Redwater Pipeline System is not a property interest.

    **C. The bankruptcy court did not err in holding that Red River's purchase of the Redwater Pipeline System was free and clear of Newco's interest under 11 U.S.C. § 363(f).**

Newco's third argument is that the Redwater Pipeline System cannot be sold free and clear of its interest under 11 U.S.C. § 363. Section 363(f)(5) permits the sale of property from a bankruptcy estate free and clear of any interest in the property held by an entity other than the estate if "such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." Newco asserts that Energytec and Red River offered no evidence and cited no authority to show that Newco could be compelled to accept a money satisfaction of

its interest. Appellant's Br. 13. Yet Newco similarly fails to offer any support for its contention that it could not be compelled to accept a money satisfaction of its interest. Newco's main argument in support of this assertion is that the value of its interest cannot be readily determined because it may increase in value if additional wells are attached to the Redwater Pipeline System in the future. *Id.* 14. The mere fact that an interest may increase in value in the future does not mean that it cannot be given a present value. Newco's interest could also decrease in the future if the wells connected to the pipeline ceased production. Appellees do not contend that Newco's interest is without value. Indeed, "[t]here is nothing in the nature or operation of a restrictive covenant that requires it to run with the land in order to be valid." *Tarrant Appraisal Dist. v. Colonial Country Club*, 767 S.W.2d 230, 235 (Tex. App.—Fort Worth 1989, writ denied). Nevertheless, because Newco's interest is not a covenant running with the land at law, the value of its interest can be readily ascertained based on the amounts owed from the date of the last payment it received until the date of the sale to Red River.

## V. CONCLUSION

Based on the foregoing, the court hereby **AFFIRMS** the holdings of the bankruptcy court.

**IT IS SO ORDERED**.

**SIGNED this the 30th day of September, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE